**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**


| | |
|---|---|
| **MDB, LLC d/b/a,**<br>**CHECK CASH CO.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 3:07-cv-126 |
| ) | Phillips |
| **BELLSOUTH ADVERTISING and** ) | |
| **PUBLISHING CORPORATION and** ) | |
| **L.M. BERRY and COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND OPINION**


This matter is before the Court upon defendants' motion to dismiss, or in the alternative, for transfer [Doc. 2] pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure and Title 28 U.S.C. §§ 1406(a) and 1404(a). This case involves plaintiff's breach of contract claim with respect to defendants providing advertising in "The Real Yellow Pages." Included in the advertising sales contract is a forum selection clause, which states that disputes arising out of the contract shall be resolved "in the Federal District Court the Northern District of Georgia or the Superior Court of DeKalb County, Georgia." Accordingly, in the pending motion, the defendants seek relief from the Court to either dismiss or transfer the pending cause of action. The plaintiff has responded in opposition to the defendants' motion [Doc. 7], and the defendants have replied [Doc. 9]. The Court has carefully considered the parties' arguments, and for the reasons that follow, defendants' motion [Doc. 2] is **GRANTED as set forth below**.

**I.** **Facts**

The Court merely provides an abridged summary of relevant facts for the purposes of this opinion. On January 5, 2006, the plaintiff, M D B, LLC d/b/a Check Cash Co. ("MDB"), through its authorized agent, Tara Morrison ("Morrison"), and John "Britt" McCord ("McCord"), an agent and representative of defendants BellSouth Advertising and Publishing Corporation and L.M. Berry and Company ("BellSouth"), discussed certain print advertisements to appear in the Sevier County, Tennessee edition of "The Real Yellow Pages." On January 10, 2006, McCord sent, by telephonic facsimile ("fax"), a packet of materials to Morrison. The language on the cover sheet indicates that the parties were negotiating the terms of an agreement. The same day, Morrison reviewed the contract and sent the documents back, via fax, to McCord with change requests. The following day, McCord faxed a packet of materials to Morrison, incorporating the changes. On the cover sheet, McCord stated the following: "The new ad is on the bottom and this is the new contract. Call me and let me know if everything is good." This packet of information did not contain a forum selection cause. However, the packet of information did contain the following statement in various places: "Subject to accompanying terms and conditions." Following receipt of the documents, Morrison telephoned McCord and left a voice mail stating that "the ads look good, prices were as discussed, go ahead and print."

Upon returning from vacation on January 22, 2006, Morrison discovered that a packet of documents had been mailed to her by McCord. Morrison reviewed the packet

and confirmed that the pricing and advertising copy was correct, also noting that documents were identical to those previously identified to her. Additionally, the mailed packet contained a document titled "General Terms and Conditions." This document included a forum selection clause, which stated as follows:

> Any litigation arising out of or related to this Agreement or the Advertising which forms the subject matter of this Agreement shall be filed only in the United States District Court for the Northern District of Georgia or the Superior Court of DeKalb County, Georgia: you hereby consent and submit yourself to the sole and exclusive jurisdiction and venue of those courts; and you hereby waive any objection based on the convenience of those exclusive venues.

Furthermore, the document contained a cancellation provision, permitting cancellation of the contract within fifteen days of mailing.

Thereafter, according to the plaintiff, the advertising did not proceed as specified. Consequently, the plaintiff filed suit in state court against the defendants claiming that the defendants breached the sales contract by failing to print the proper advertisement in the directory. Moreover, based on the same set of facts, plaintiff also asserts claims of negligence, gross negligence, negligent misrepresentation, and violation of the Tennessee Consumer Protection Act, as codified as Tenn. Code. Ann. § 47-18-101, *et seq.*

The defendants then removed the action to this Court based upon diversity, and, pursuant to the forum selection clause, the defendants now move the Court to either dismiss the case or transfer the subject case to the United States District Court for the Northern District of Georgia. In response, the plaintiff asserts that it never agreed to the

forum selection clause, as that was not contained in the documents faxed back and forth between the parties. Plaintiff claim that "[o]nly upon learning of the Defendants' attempt to rely on the forum selection clause did Ms. Morrison come to realize that the mailed packet contained a separate document entitled "General Terms and Conditions."

## II. <u>Discussion</u>

In federal court, changes in venue are governed by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3rd Cir. 1995). The standards for transfer of an action differ depending on whether venue has been properly laid. According to 28 U.S.C. § 1404(a), transfer is proper if venue is proper in both the original and requested venue. Specifically, § 1404(a) states that transfer to another proper venue is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." Unlike § 1404(a), 28 U.S.C. § 1406 provides for either transfer or dismissal of an action where the original venue is improper. Specifically, § 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*

As to the case before the Court, it is reasonably settled that in diversity actions, a transfer order premised on a contractual forum selection clause will be governed by 28 U.S.C. § 1404. *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22 (1988); *Blue Ash*

4

*Development, Inc. v. Polan*, 74 3d 1240, 1240 (6th Cir. 2002). In *Ricoh*, which involved a mandatory venue clause, the defendant appealed the denial of a motion to transfer or dismiss under both 28 U.S.C. § 1404 and § 1406. One pivotal issue was whether federal law, as opposed to state law, would determine the enforceability of the venue clause in a diversity case. *Id.* at 24. The Supreme Court, 8 to 1, held "that federal law, specifically 28 U.S.C. § 1404(a), governs the parties' venue dispute." *Id.* at 28. With regard to a motion to transfer pursuant to § 1404(a) because another venue is more convenient, the burden is on the moving party to establish the need for a change of venue. *DeRoyal Indus., Inc. v. Hendricks Orthotic Prosthetic Enters., Inc.*, No. 3:04-CV-534, 2005 WL 1804528, at *5 (E.D.Tenn. July 28, 2005).

As to the analysis of forum selection clauses, "forum-selection clauses generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable." *Security Watch Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374 (6th Cir. 1999) (citations omitted). Such a clause contained in a commercial contract is presumed to be controlling absent a strong showing to the contrary. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). In determining the enforceability of such a clause, this Court looks to "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 721 (2006). Courts will generally enforce forum selection clauses in the commercial context, so long as the

clause has been freely bargained for under the circumstances.[1]  *Id.*

Applying these standards, the Court finds that the subject forum selection clause is valid. The subject advertising sales contract is commercial in nature, freely bargained for, reasonable, and there is no evidence of fraud or overreaching. The Sixth Circuit, in *Preferred Capital, Inc. v. Aetna Maintenance, Inc.*, 207 Fed.Appx. 562 (6th Cir. 2006), recently upheld a forum selection clause as being reasonable and not overreaching. The contract stated that assignment was a possibility and that in the event of an assignment, any disputes would be governed by the laws of the state of incorporation of the assignee. Therefore, it was possible that the action could be brought in any state, depending on the location of a future assignee. As in *Preferred Capital, Inc. v. Aetna Maintenance*, the Court cannot find that the clause at issue is overreaching merely because it gives defendants a choice of forum. "While [plaintiff] may be dissatisfied with the litigation forum, it is not our task to save [plaintiff] from the consequences of an agreement it freely entered into." *Id.* at 565.

The Court now turns to whether the plaintiff agreed to the forum selection clause, i.e. whether there was mutual assent given that the forum selection clause was not included in the documents faxed between the parties, but was instead mailed to the plaintiff

---

[1]Tennessee's treatment of bargained forum-selection clauses is practically identical to that of federal courts. *Security Watch, Inc.*, 176 F.3d at 375 (*citing Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn.1983) (courts of Tennessee "should enforce [a forum-selection] clause unless the party opposing enforcement demonstrates that it would be unfair and inequitable to do so").

thereafter. As defendants have indicated, the subject contract is an "accept-or-return" or an "accept-or-reject" contract. That is, contract terms are effective, so long as the party receiving the terms has an opportunity to read them and an unconditional right to cancel the contract if he is dissatisfied with the terms. *Hill v. Gateway 2000*, 105 F.3d 1147, 1148-49 (7th Cir. 1997). This is true even though the party did not read the contract terms, sign any documents explicitly containing the contract terms, or know about the contract terms at the time the party entered into the agreement. *Higgs v. Automotive Warranty Corp.*, 134 Fed.Appx. 828, 829 (6th Cir. 2005) (enforcing arbitration provision contained in service contract in spite of the fact that plaintiff was not required to sign the service contract); *Hill*, 105 F.3d at 1149 (rejecting plaintiffs' arguments that their failure to read terms included with newly purchased Gateway computer and ignorance as to arbitration provision amounted to lack of mutual assent).

In the instant matter, the plaintiff concedes that it received the "General Terms and Conditions," containing both the forum selection clause, as well as the cancellation clause. Furthermore, the documents faxed between the parties on January 10 and 11, 2006 included the language: "Subject to accompanying terms and conditions." This languge was capitalized, in bold print, and found in numerous places. In sum, plaintiff's right to unilaterally cancel the contracts was sufficient to protect the plaintiff's interests, and its failure to do so in the allotted time, was sufficient to demonstrate agreement to the terms of the contract, including the forum selection clause. *See Higgs*, 134 Fed. Appx. at 832; *see also Hill*, 105 F.3d at 1149.

Based on the above, plaintiff's arguments regarding the forum selection clause are found to be without merit. Defendants' motion to transfer is appropriate and, therefore, granted.

### III.    <u>CONCLUSION</u>

After an extensive review of the case, the Court finds and rules that this case should be transferred to the United States District Court for the Northern Division of Geogia in accordance with 28 U.S.C. § 1404(a). For the reasons set forth above, the defendants' request for transfer is granted. An appropriate order follows.

**IT IS SO ORDERED.**

**ENTER:**

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE